Simon Silver, J.
The defendant moves to dismiss the complaint on the grounds that it fails to state a crime under section 933 of the Penal Law.
That section declares that any ‘ ‘ person who by any false pretense shall obtain from any club, association, society or company for improving the breed of cattle, horses, sheep, swine or other domestic animals the registration of any animal in the herd register or other register of any such club, association, society or company or a transfer of any such registration, and every person who shall knowingly give a false pedigree of any animal,” is guilty of a misdemeanor.
The defendant contends that a dog is not one of the animals contemplated within the purview of the section. She contends that the words ‘1 other domestic animals ’ ’ do not refer to a dog)
The argument advanced is that in the new Penal Law section 933 has been omitted and its provisions transferred to the Agri *755 culture and Markets Law (§ 95-b) beginning with September 1, 1967. It is further argued that the definition of a domestic animal set forth in the Agriculture and Markets Law does not contain the word ‘ ‘ dog ’ ’.
We are not called upon in this decision to determine whether or not this defendant can be deemed to have violated section 95-b of the Agriculture and Markets Law. The acts alleged in this case occurred on December 28, 1966, and the complaint is dated and was sworn to August 9,1967. Accordingly, the applicable section is 933 of the Penal Law which we are called upon to interpret.
The only New York case which discusses the subject was decided in 1859. In that case, People v. Campbell (4 Parker Crim. Rep. 386, 394), the court said:
‘1 In the year 1857 a law was passed in the State providing for the ‘ incorporation of associations for improving the breed of domestic animals.’ * * * Why are not dogs within the purview of this statute ? * * *
“ If by domestic is meant ‘ belonging to the house,’ who can deny this attribute to dog? What animal is more domestic? What one appreciates a home more, shows stronger attachments to it, or if it strays from it, is more certain to return to it?”
Although more than a hundred years have elapsed since that decision it can hardly be said that the habits, attributes or attachments of the dog have changed in any manner.
From ancient times, wherever man has been, there has been his dog. He is the friend and companion of his master and an inmate of his house. It may be said that he was once wild, but so were horses, sheep and cattle. Yet, of all the animals reclaimed by man, the dog alone became domesticated in the home.
In the text of Corpus Juris Secundum (vol. 3, Animals, § 3, p. 1086, citing authority in support) it is said that “ the trend of modern jurisprudence is to regard dogs as tame domestic animals having value ”.
In American Jurisprudence 2d (vol. 4, Animals, § 6, pp. 253-254) the statement with supporting authority is that dogs “ are now generally considered as domestic animals, as much the subject of property or ownership as horses, cattle, and sheep.”
As a matter of common sense and common usage this court is of the opinion that a dog is included within the intent and meaning of the words “domestic animal” as used in section 933 of the Penal Law.
The motion to dismiss is accordingly denied.
*756 The District Attorney moves to add counts for violation of section 926 and section 932 of the old Penal Law. Each of these sections is punishable by imprisonment for not more than three years. Any violations of these sections are therefore felonies and not within the jurisdiction of this court.
The District Attorney claims that the new sections of the Penal Law (§§ 170.05, 170.20, 165.20) have reduced these crimes to misdemeanors. This does not alter the situation. Subdivision 3 of section 5.05 of the new Penal Law clearly states: “ The provisions of this chapter do not apply to or govern the construction of and punishment for any offense committed prior to the effective date of this chapter ”.
The motion to add the counts set forth is denied.